UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KING SOLOMON SEKHMRE EL NETER, | Case No. 2:21-cv-01094-GMN-BNW |
| Petitioner, | **ORDER** |
| v. | |
| ALEX VILLANUEVA, et al., | |
| Respondents. | |

Petitioner King Solomon Sekhmre El Neter, also known as Solomon Brooks, has filed a petition for removal. Brooks put a confusing and irrelevant reference to a case filed in the United States District Court for the Central District of California, which led the clerk of this court to open this action as a removal of that case to this court. It is not. Additionally, Brooks has neither paid the filing fee nor filed an application to proceed in forma pauperis. There is no need to correct these problems because the court will dismiss the action.

The court takes judicial notice of the on-line inmate records of the Clark County Detention Center.[1] In the state courts, Brooks is charged with trespass not amounting to burglary, open and gross lewdness, escape by a non-felony prisoner, and two counts of a false statement to

---

[1] https://redrock.clarkcountynv.gov/ccdcincustody/inCustodySearch.aspx (report generated June 22, 2021). Brooks' inmate number is 1918926.

1

or obstruction of a public officer. Brooks is trying to remove the state-court criminal case or cases to this court.

The court lacks jurisdiction. The statute that Brooks cites, 28 U.S.C. § 1441, allows for the removal of a civil action filed in state court of which this court has original jurisdiction. Brooks is trying to remove a criminal action, and § 1441 has no applicability to criminal actions. A criminal prosecution against a federal officer or member of the armed forces might be removed from state court to federal court. See 28 U.S.C. §§ 1442, 1442a. However, Brooks does not allege that his state-court criminal case fits within the scope of §§ 1442 or 1442a. The court thus lacks jurisdiction over the criminal charges against Brooks.

Brooks also has filed a petition for a writ of habeas corpus ad subjiciendum. ECF No. 5. Brooks alleges the following facts. He was arrested on April 25, 2021. On May 20, 2021, the state district court scheduled a competency hearing. On June 11, 2021, the competency hearing was held, resulting in an order to transfer Brooks to a state hospital. Id. at 2-3. If the court considered this petition to be subordinate to Brooks' notice of removal, then the petition is moot because the court lacks jurisdiction under the removal statute.

Another possible way to construe the petition for a writ of habeas corpus ad subjiciendum is that Brooks is seeking pre-trial habeas corpus relief in this court under 28 U.S.C. § 2241. However, that still leads to dismissal of the action. This court should abstain from intervening in a pending state criminal case unless the extraordinary circumstance of a great and immediate danger of irreparable harm exists. Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886). A court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal [petitioner] is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). First, criminal proceedings against Brooks are ongoing in state court. Second, prosecution of crimes is an

important state interest.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44.  Third, Brooks may raise his constitutional claims in the state courts, by a pre-trial habeas corpus petition, by motions before the trial court, on appeal, or in a post-conviction habeas corpus petition.  Fourth, if this court granted Brooks relief, it would result in the termination of his state-court criminal action, which is an action that Younger disapproves.  Because all four requirements are met, this court must abstain from considering the Brooks' habeas corpus petition.

Brooks also has filed a motion for a temporary restraining order.  ECF No. 4.  The court denies this motion because the court is dismissing the action.

To the extent that a decision on issuing certificate of appealability is necessary, reasonable jurists would not find the court's determinations to be debatable or wrong.  The court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that the motion for a temporary restraining order (ECF No. 4) is **DENIED**.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus ad subjiciendum (ECF No. 5) is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED**.  The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: June 24, 2021

_____
GLORIA M. NAVARRO
United States District Judge